UNPUBLISHED

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,
       *Plaintiff-Appellee,*

v.                                                No. 01-4698

TRACIE JEROME,
              *Defendant-Appellant.*

Appeal from the United States District Court
for the Eastern District of Virginia, at Alexandria.
Claude M. Hilton, Chief District Judge;
Albert V. Bryan, Jr., Senior District Judge.
(CR-01-51-A)

Submitted: May 20, 2002

Decided: June 7, 2002

Before MICHAEL, MOTZ, and KING, Circuit Judges.

---

Affirmed in part and vacated and remanded in part by unpublished per curiam opinion.

---

## COUNSEL

Amy L. Austin, OFFICE OF THE FEDERAL PUBLIC DEFENDER, Richmond, Virginia, for Appellant. Paul J. McNulty, United States Attorney, Patricia M. Haynes, Assistant United States Attorney, Maurice Eitel Stucke, Special Assistant United States Attorney, Alexandria, Virginia, for Appellee.

---

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

## OPINION

PER CURIAM:

Tracie Jerome was charged in an eight-count indictment and convicted of three counts following a jury trial: Count 3, embezzlement by a bank employee on December 7, 1996 of funds not in excess of $1000 in violation of 18 U.S.C.A. § 656 (West 2000); Count 7, falsification of a bank entry on October 4, 1997 in violation of 18 U.S.C.A. § 1005 (West 2000); and Count 8, embezzlement by a bank employee on July 7, 1997 of funds in excess of $1000 in violation of 18 U.S.C.A. § 656.

The district court sentenced Jerome to twelve months in prison for Count 3, eighteen months in prison for Count 7, and eighteen months in prison for Count 8, to run concurrently, and four years of supervised release. Jerome was assessed $13,660.74 in restitution. On appeal, Jerome argues: (1) the evidence was insufficient to support her convictions; (2) the district court erred when it applied a two-level enhancement for abuse of a position of trust under *U.S. Sentencing Guidelines Manual* § 3B1.3 (2000); and (3) the district court erred when it applied a two-level enhancement for obstruction of justice under USSG § 3C1.1.

We review the verdict to determine whether there is substantial evidence, taken in the light most favorable to the Government, to support the conviction. *Glasser v. United States*, 315 U.S. 60, 80 (1942). When considering the sufficiency of the evidence, we do not review the credibility of a witness's testimony. *United States v. Hobbs*, 136 F.3d 384, 391 n.11 (4th Cir. 1998). Jerome argues the evidence was insufficient to support her conviction of Count 3, embezzlement on December 7, 1996, based on her mishandling a customer's deposit. Jerome also argues the evidence was insufficient to establish that she made a false entry on her daily cash settlement on October 4, 1997 as charged in Count 7 and that she embezzled in excess of $1000 as

charged in Count 8. We have thoroughly reviewed the evidence and conclude without difficulty that, when viewed in the light most favorable to the Government, it is sufficient to support Jerome's conviction.

Second, Jerome argues the district court improperly applied a two-level enhancement for abuse of a position of trust under USSG § 3B1.3. The application of the enhancement is reviewed for clear error. *United States v. Godwin*, 272 F.3d 659, 671 (4th Cir. 2001), *cert. denied*, No. 01-9474, 2002 WL 524554 (U.S. May 13, 2002). Generally, the abuse of a position of trust enhancement is not applicable "in the case of embezzlement or theft by an ordinary bank teller." USSG § 3B1.3, comment. (n.1). The enhancement may be applied to a bank teller, however, if the defendant: (1) had special duties or special access to information not available to other employees; (2) had little supervision or a high degree of managerial discretion; and (3) was more culpable than others who hold similar positions and commit similar crimes. *United States v. Gordon*, 61 F.3d 263, 269 (4th Cir. 1995). The sentencing court applied the abuse-of-trust enhancement based on a finding that Jerome was the acting head teller in the absence of the head teller. The trial record, however, does not establish that Jerome was assigned or actually performed the duties of a head teller. The testimony at trial established that Jerome was assigned the same responsibilities and treated the same as all other non-supervisory tellers employed at the bank, that she did not have special access to security information, and that she was supervised in the same manner as all bank tellers. Based on the evidence at trial, we conclude the district court erred when it applied the abuse-of-trust enhancement.

Finally, Jerome argues the district court erred when it applied a two-level enhancement for obstruction of justice under USSG § 3C1.1 based on Jerome's perjury and the suborning of her mother's testimony. To establish an obstruction of justice enhancement based on perjury, the sentencing court must find by a preponderance of the evidence that the testimony was false, that it concerned a material matter, and that it was given with willful intent to deceive. *United States v. Smith*, 62 F.3d 641, 646 (4th Cir. 1995). We have reviewed the trial testimony and find no error in the district court's application of the sentencing enhancement.

We therefore affirm Jerome's conviction. We conclude the district court clearly erred in applying the abuse of a position of trust enhancement, thus causing Jerome's sentencing guidelines range to be eighteen to twenty-four months rather than twelve to eighteen months. We therefore vacate Jerome's sentence and remand to the district court for re-sentencing. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*AFFIRMED IN PART; VACATED AND REMANDED IN PART*